**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**(Fort Myers Division)**

| | |
|---|---|
| **UPLAND SPECIALTY INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**NEPTUNE POOL SERVICE, INC.; HERITAGE PALMS GOLF & COUNTRY CLUB, INC.; and MARGARET COLLINS,**<br><br>Defendants. | Case No. ________________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**(DECLARATORY RELIEF REQUESTED)**

Plaintiff Upland Specialty Insurance Company ("Upland") files this Complaint for Declaratory Judgment and states as follows:

## INTRODUCTION

1. This is an insurance coverage dispute in which Upland seeks a judicial determination of its rights and obligations, if any, under a policy issued to Neptune Pool Service, Inc. ("Neptune"), in relation to a suit brought by Margaret Collins alleging that she contracted Legionella due to exposure to water in a hot tub maintained by Neptune and operated by Heritage Palms Golf & Country Club, Inc. ("Heritage") at its premises in Lee County, Florida.

2. As alleged in the underlying complaint, Ms. Collins used the hot tub on Heritage's premises and, in the following days, became extremely ill and was hospitalized for conditions stemming from Legionella bacteria. Ms. Collins alleges that Heritage and Neptune negligently maintained the hot tub, which contained Legionella bacteria that caused her illness and injuries.

3. Neptune has sought insurance coverage from Upland for the underlying lawsuit, in which Ms. Collins seeks damages arising from an illness allegedly sustained due to exposure to the Legionella bacteria in the hot tub.

4. The policy issued by Upland includes a "Communicable Disease Exclusion" that bars coverage for injury or damage arising out of, or which would not have occurred, in whole or in part, but for a "communicable disease," where "communicable disease" means "any disease, infection, sickness, illness, condition, disorder, or syndrome that is transmitted or is capable of being transmitted through bacteria, viruses, yeasts, spores, mycotoxins, or any pathogen, directly or indirectly, to or from a person or animal."

5. The damages sought by Ms. Collins arise out of and would not have occurred but for a "communicable disease"—that is, her illness was transmitted to her through Legionella bacteria in the hot tub.

6. Accordingly, Upland is entitled to a judicial declaration that any potential for coverage for the underlying action is barred in its entirety by the Communicable Disease Exclusion.

**PARTIES, JURISDICTION AND VENUE**

7. Plaintiff Upland is a Texas corporation with its principal place of business in Texas, and is a citizen of the State of Texas.

8. Defendant Neptune is a Florida corporation with its principal place of business in Cape Coral, Florida, and is a citizen of the State of Florida.

9. Defendant Heritage is a Florida corporation with its principal place of business in Fort Myers, Florida, and is a citizen of the State of Florida.

10. Defendant Margaret Collins, on information and belief, is a resident of Lee County, Florida, and a citizen of the State of Florida.

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

12. Defendant Neptune has tendered the underlying lawsuit to Upland, and Upland reasonably and in good faith alleges that Neptune is seeking more than $75,000 in defense and indemnity from Upland under its policy. In the underlying lawsuit, Ms. Collins seeks to recover damages in excess of $50,000

including for her bodily injury, pain and suffering, expense of an approximately 10-day hospitalization, and medical and nursing care and treatment related to her injuries. The subject of this coverage dispute—that is, Upland's position that it has no obligations to defend or indemnify Neptune under a policy with dollar limits of $1 million each occurrence and $2 million aggregate, together with the cost of the defense—exceeds $75,000, exclusive of interest and costs.

13. This is an action for declaratory judgment, filed pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq*. An actual case and controversy of a justiciable nature exists between Plaintiff and Defendants, involving the rights, duties, and obligations, if any, of the parties under insurance policy issued by Upland to Neptune.

14. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

## THE POLICY

15. Upland issued Policy No. USPCL0126024 to Neptune for the policy period of January 17, 2024 to January 17, 2025 (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit 1**.

16. The Policy includes $1 million each occurrence and $2 million aggregate limits of liability. *See* Policy, Declarations.

17. Subject to all of the stated terms, conditions and limitations, the Policy's Coverage A – Bodily Injury and Property Damage Liability Insuring Agreement affords specified coverage for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" that takes place during the policy period and is caused by an "occurrence." *See* Policy, Section I.A.1.

18. Neptune is the Named Insured under the Policy. *See* Policy, Declarations.

19. The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by any person, including death resulting from any of these at any time." *See* Policy, Section V.3.

20. "Occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* Policy, Section V.13.

21. Coverage A of the Policy is subject to a "Communicable Disease Exclusion," which provides that coverage does not apply to:

> "Bodily injury", "property damage" or "personal and advertising injury" arising out of, relating to, resulting from, caused by, or which would not have occurred, in whole or in part, but for a "communicable disease."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:

- **a.** Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a "communicable disease;"
- **b.** Testing for a "communicable disease;"
- **c.** Failure to prevent the spread of a "communicable disease;"
- **d.** Oral or written communications or publications;
- **e.** Failure to report a "communicable disease" to authorities; or
- **f.** Acts, errors, or omissions related to an "advertisement."

Policy, Section I.A.2, as amended by the Communicable Disease Exclusion Endorsement.

22. "Communicable disease" is defined to mean "any disease, infection, sickness, illness, condition, disorder, or syndrome that is transmitted or is capable of being transmitted through bacteria, viruses, yeasts, spores, mycotoxins, or any pathogen, directly or indirectly, to or from a person or animal." Policy, Section V, as amended by the Communicable Disease Exclusion Endorsement.

**THE UNDERLYING ACTION AND CLAIM FOR COVERAGE**

23. On or about December 4, 2025, Ms. Collins filed the complaint in the action captioned *Collins v. Neptune Pool Service, Inc., et al.*, No. 2025-CA-006648 (Fla. Cir. Ct., Lee Cnty.) (the "Underlying Action") against Heritage and Neptune. A copy of the complaint in the Underlying Action is attached as **Exhibit 2**.

24. In the Underlying Action, Ms. Collins alleges that, on or about January 25, 2024, she was an invitee on the premises at 10420 Washingtonia Palm

Way in Fort Myers, Florida, owned by Heritage, and used the hot tub available to members on Heritage's premises. *See* Underlying Action Complaint, ¶¶ 4-6.

25. According to the complaint, in the following days Ms. Collins began feeling very ill and was hospitalized for about ten days beginning on January 30, 2024, where she was diagnosed with sepsis, pneumonia, and hyperglycemia, "all stemming from Legionella." *See* Underlying Action Complaint, ¶¶ 6-7.

26. Ms. Collins alleges that she "contracted Legionella due to inhaling, ingesting, or other form of bodily consumption of water in [Heritage's] hot tub, which did not meet reasonable levels of sanitation." *See* Underlying Action Complaint, ¶ 8.

27. The complaint in the Underlying Action asserts a count for negligence against Neptune, which allegedly was engaged by Heritage for the maintenance of Heritage's pool and hot tub systems, and alleges that Neptune breached its duties to maintain the premises in a reasonably safe condition, and to correct or warn of any dangerous conditions of which Neptune knew or should have known. *See* Underlying Action Complaint, ¶¶ 16-17.

28. The complaint alleges that Neptune was negligent by, among other things, failing to adequately inspect Heritage's premises and hot tub systems for the presence of Legionella bacteria, failing to adequately inspect, monitor, and maintain the hot tub system when doing so would have discovered the presence

of Legionella bacteria, and failing to adopt and employ proper and adequate maintenance programs and procedures to detect and prevent Legionella bacteria in Heritage's hot tub system *See* Underlying Action Complaint, ¶ 18.

29. Neptune tendered the Underlying Action to Upland for coverage under the Policy.

30. On June 9, 2026, Upland denied coverage for Neptune under the Policy for the Underlying Action based on the Communicable Disease Exclusion.[1]

31. While the complaint in the Underlying Action appears to allege "bodily injury" caused by an "occurrence" that occurred during the policy period of January 17, 2024 to January 17, 2025, the Communicable Disease Exclusion applies to bar any potential coverage.

**COUNT I – REQUEST FOR DECLARATORY RELIEF – DUTY TO DEFEND COMMUNICABLE DISEASE EXCLUSION**

32. Upland incorporates by reference paragraphs 1-31 as if fully set forth herein.

33. Pursuant to the Communicable Disease Exclusion, coverage under the Policy does not apply to:

> "Bodily injury", "property damage" or "personal and advertising injury" arising out of, relating to, resulting

[1] Neptune also reserved rights on certain other Policy provisions, including the Fungi or Bacteria Exclusion and the Total Pollution Exclusion. Neptune does not waive and continues to reserve all rights with respect to these and any other Policy terms and conditions that also may apply to bar coverage.

> from, caused by, or which would not have occurred, in whole or in part, but for a "communicable disease."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:
>
> **a.** Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a "communicable disease;"
> **b.** Testing for a "communicable disease;"
> **c.** Failure to prevent the spread of a "communicable disease;"
> **d.** Oral or written communications or publications;
> **e.** Failure to report a "communicable disease" to authorities; or
> **f.** Acts, errors, or omissions related to an "advertisement."

Policy, Section I.A.2, as amended by the Communicable Disease Exclusion Endorsement.

34. The Policy defines "communicable disease" to mean "any disease, infection, sickness, illness, condition, disorder, or syndrome that is transmitted or is capable of being transmitted through bacteria, viruses, yeasts, spores, mycotoxins, or any pathogen, directly or indirectly, to or from a person or animal." Policy, Section V, as amended by the Communicable Disease Exclusion Endorsement.

35. Ms. Collins alleges she suffered illness and conditions that allegedly were transmitted to her through Legionella bacteria present in hot tub water,

which alleged illness and conditions are "communicable diseases" within the Policy's specific definition.

36. The alleged injuries sustained by Ms. Collins arise out of and would not have occurred but for a "communicable disease"—that is, her illnesses or conditions transmitted through Legionella bacteria

37. Therefore, the Communicable Disease Exclusion applies to bar any duty to defend under the Policy for the Underlying Action.

## COUNT II – REQUEST FOR DECLARATORY RELIEF – DUTY TO INDEMNIFY COMMUNICABLE DISEASE EXCLUSION

38. Upland incorporates by reference paragraphs 1-31 as if fully set forth herein.

39. Pursuant to the Communicable Disease Exclusion, coverage under the Policy does not apply to:

> "Bodily injury", "property damage" or "personal and advertising injury" arising out of, relating to, resulting from, caused by, or which would not have occurred, in whole or in part, but for a "communicable disease."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:
>
> **a.** Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a "communicable disease;"
> **b.** Testing for a "communicable disease;"
> **c.** Failure to prevent the spread of a "communicable disease;"
> **d.** Oral or written communications or publications;

**e.** Failure to report a "communicable disease" to authorities; or

**f.** Acts, errors, or omissions related to an "advertisement."

Policy, Section I.A.2, as amended by the Communicable Disease Exclusion Endorsement.

40. The Policy defines "communicable disease" to mean "any disease, infection, sickness, illness, condition, disorder, or syndrome that is transmitted or is capable of being transmitted through bacteria, viruses, yeasts, spores, mycotoxins, or any pathogen, directly or indirectly, to or from a person or animal." Policy, Section V, as amended by the Communicable Disease Exclusion Endorsement.

41. Ms. Collins alleges she suffered illness and conditions that allegedly were transmitted to her through Legionella bacteria present in hot tub water, which alleged illness and conditions are "communicable diseases" within the Policy's specific definition.

42. The alleged injuries sustained by Ms. Collins arise out of and would not have occurred but for a "communicable disease"—that is, her illnesses or conditions transmitted through Legionella bacteria

43. Therefore, the Communicable Disease Exclusion applies to bar any duty to indemnify under the Policy for the Underlying Action.

WHEREFORE, Upland Specialty Insurance Company respectfully requests that this Court enter a Declaratory Judgment in its favor as follows:

a) Declaring that the Communicable Disease Exclusion applies to bar coverage in its entirety under the Policy for the Underlying Action;

b) Declaring that Upland owes no duty to defend Neptune or any other party under the Policy in connection with the Underlying Action or the claim by Ms. Collins;

c) Declaring that, to the extent Neptune is found liable in the Underlying Action, that Upland owes no duty to indemnify Neptune or any other party under the Policy in connection with the Underlying Action or the claim by Ms. Collins; and

d) Awarding such further relief as the Court may deem appropriate.

Dated: September 15, 2026

**LAVIN RINDNER DUFFIELD LLC**

*/s/ Lena Mirilovic*
Lena Mirilovic
Florida Bar No. 92492

*Counsel for Plaintiff Upland Specialty Insurance Company*

3811 Frederica Rd., Ste. 201
St. Simons Island, GA 31522
912.266.8300 (telephone)